UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

GRAY & ASSOCIATES, INC.;
JUAN GRAY, INDIVIDUALLY
AND ON BEHALF OF GRAY &
ASSOCIATES, INC.                                                                                        PLAINTIFFS

VS.                                                                          CIVIL ACTION NO. 3:15cv69-DPJ-FKB

QBE INSURANCE CORPORATION                                                                DEFENDANT

ORDER

This insurance dispute is before the Court on Defendant's Motion to Dismiss, or alternatively, Motion to Stay Proceedings and Compel Appraisal [9].  Plaintiffs opposed [14], and Defendant responded [15].  Having considered the parties' memoranda and submissions, along with the pertinent authorities, the Court finds that Defendant's Motion to Dismiss should be denied, and Defendant's Motion to Stay Proceedings should be granted in part.

I.      Facts and Procedural History

This action involves a dispute over the value of an insurance claim.  Plaintiff Gray & Associates, Inc. ("Gray") owns a building located at 600 West Capitol Street, Jackson, Mississippi, which Defendant QBE Insurance Corporation ("QBE") insured under a policy of insurance (the "Policy").  On December 30, 2010, Gray filed a claim under the Policy for losses related to alleged vandalism and theft.  The parties were unable to agree on the loss amount.

According to QBE, the Policy contained an appraisal provision as a precondition to filing suit.  The provision purportedly read as follows:

    2.       Appraisal

If we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agree to by any two will be binding. Each party will:
    a.    Pay its chosen appraiser; and
    b.    Bear the other expenses of the appraiser and umpire equally.

Def.'s Mot. [9] Ex. 1 at 24. QBE contends that Gray never responded to QBE's letters invoking this provision and instead filed suit in the Circuit Court of Hinds County, Mississippi. Def.'s Mem. [10] at 3.

After removing the case to this Court, QBE filed the instant motion seeking dismissal for two reasons. Def.'s Mot. [9]. First, QBE argues that Gray's claims are time barred. Def.'s Mem. [10] at 4. Next, QBE asserts that the Policy's appraisal provision bars Gray's claims or alternatively requires a stay while Gray complies. Def.'s Mem. [10] at 5. The issues have been briefed, and the Court has personal and subject-matter jurisdiction.

II.    Analysis

    A.    Rule 12(b)(6) Standard

Though QBE never indicates which rule of procedure it invokes, the Court construes its motion under Federal Rule of Civil Procedure 12(b)(6) as Defendant seeks dismissal and not summary judgment. Under Rule 12(b)(6), the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)). To overcome a Rule 12(b)(6) motion, Plaintiff must plead "enough

facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Ordinarily, a court decides a motion to dismiss for failure to state a claim looking only at the face of the complaint. *See* Fed. R. Civ. P. 12(d). That said, some documents outside the pleadings may be considered under Rule 12(b)(6). For example, documents attached to a motion to dismiss that are "referred to in the plaintiff's complaint and . . . central to her claim," are considered part of the pleadings. *Causey v. Sewell Cadillac Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004).

The Court may also go beyond the Rule 12(b)(6) record by converting the motion to one for summary judgment. *See* Fed. R. Civ. P. 12(d). According to the Fifth Circuit, "Rule 12(d) gives a district court 'complete discretion to determine whether or not to accept any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion.'" *Isquith ex rel. Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 194 n.3 (5th Cir. 1988) (citation omitted). If "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment." Fed. R. Civ. P. 12(d); *see also In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2011).

B. QBE's Motion

QBE's time-bar and appraisal arguments both rely on evidence that falls beyond the scope of Rule 12(b)(6). And absent QBE's additional evidence, both issues fail, because the pleadings do not suggest a time-barred claim or a failure to comply with the Policy's provisions. While Gray has responded with its own exhibits from beyond the pleadings, the Court declines to convert the motion under Rule 12(d).

3

The Court reaches this decision because it believes the limitations issue should be more fully explored after the parties resolve the appraisal issue. Moreover, other issues would remain as to the appraisal issue if considered under Rule 12(b)(6) or 56. Generally speaking, the Policy could be considered under Rule 12(b)(6) because it is referenced in the Complaint. The problem is that QBE has not produced a certified copy of the policy demonstrating that it contains the appraisal provision it cites.

A similar issue arose in *Miller v. Ruth & Sam, Inc.*, where the Fifth Circuit Court of Appeals affirmed the denial of a suborgation claim because the plaintiff failed to produce a certified copy of a policy containing the subrogation provision. 273 F.3d 1108, at *1 (5th Cir. 2001) (unpublished table opinion). And while other evidence might suffice to establish the validity of the appraisal provision in this case, *see id*., at this stage the Court lacks sufficient information to determine whether such a provision existed. The same problem exists if the motion is considered under Rule 56. *See generally* Fed. R. Civ. P. 56(c)(2) (allowing a party to "object that the material cited . . . cannot be presented in a form that would be admissible in evidence").

Because Gray agrees to comply with the appraisal provision if QBE establishes its validity, the Court concludes that the parties should first explore that issue before incurring any additional litigation expenses. As detailed below, QBE shall produce a certified copy of the Policy (or its best evidence on this point), after which the parties shall engage in the appraisal process if appropriate. The matter will be stayed in all other respects.

III.     Conclusion

QBE's motion to dismiss depends on evidence outside the pleadings.  Because the Court declines to convert the motion under Rule 12(d), it is denied without prejudice to QBE's election to raise the issue in a subsequent motion under Rule 56.  The Court further orders QBE to produce a certified copy of the Policy (or its best evidence of the existence of the appraisal provision) within 14 days of the entry of this order.  After receipt, Gray is ordered to file a notice indicating whether there is any remaining dispute regarding the existence of the appraisal clause.  If not, then the parties shall comply with its provisions.  If so, then the parties are instructed to contact Courtroom Deputy Shone Powell to set the case for a status conference.  Finally, the Court finds that the matter should otherwise be stayed until further notice of the Court.

**SO ORDERED AND ADJUDGED** this the 3rd day of August, 2015.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE